## THOMAS *v.* CRAWFORD *et al.*

1. Where a bank, after cashing several checks drawn upon another bank, received from the drawee bank a check covering the amounts paid out, and then presented the check thus given for payment, and received therefor, instead of cash, a promissory note payable to the drawee bank, which was insolvent at the time and closed its doors two days later, the transaction was not necessarily invalid, but the title to the note passed to the purchaser thereof, where there was no fraudulent intent upon its part and it took without notice of the insolvency of the other bank. The check which it surrendered was a valuable consideration for the note received, and was not, as a matter of law, the same as a pre-existing debt, so as to make the transfer of the note a preference by the insolvent bank.

2. The evidence authorized the finding of the jury, and the court did not err in refusing to grant a new trial.

No. 265. DECEMBER 13, 1917.

Equitable petition. Before Judge Harrell. Grady superior court. March 14, 1917.

*R. R. Terrell,* for plaintiff. *M. L. Ledford,* for defendants.

BECK, P. J. The Farmers and Merchants Bank, of which W. T. Crawford was president, cashed certain checks drawn upon the Bank of Whigham, and in discharge of the amount paid out on these checks the Bank of Whigham gave what is called a correspondent's check, and when this was presented it was not paid in cash, although there is evidence that at the time it was presented the Bank of Whigham had the cash with which to meet the check; but instead of paying the cash the Bank of Whigham transferred and delivered the promissory note of E. M. Thomas, one of its depositors, and two days afterwards closed its doors. It was

insolvent at the time of making the transfer; but from the evidence the jury might infer that the transfer of the note was made in good faith, without intent to delay the creditors of the Bank of Whigham, and that the note was transferred in consideration of the check which it had given, instead of paying it in cash. Under this evidence the jury were authorized to find that the transfer of the note was valid, was not for the purpose of delaying creditors, and was not in violation of any of the provisions of section 2360 of the Civil Code, relating to transfers, etc. The headnote announces the principle of law controlling the case, and no elaboration is necessary.

*Judgment affirmed. All the Justices concur.*